21-2641 Minnesota Corey Skelton et al. v. Reliance Standard Life Insurance Company Court will hear from Mr. Bacharach May it please the court, good morning your honors, Joshua Bacharach I represent the defendant appellant Reliance Standard Life Insurance Company. We're appealing from the district court's decision that Reliance Standard reached the fiduciary duty that it owed under ERISA. That decision is contrary to some of the factual findings that this report made, it's contrary to the ERISA statute, and it's contrary to this court's decision in Kearns v. Benefit Trust which I will address. Briefly, Davidson Hotels is the employer or was the employer of Ms. Skelton. They are the plan administrator for this welfare benefit plan under ERISA and Reliance Standard is the insurer of their plan. In 2013, Ms. Skelton decided to apply for supplemental life coverage under this plan. Because she was previously eligible to apply but didn't, she had to provide proof of good health also known as evidence of insurability in order to get insured. That evidence of insurability had to be approved by Reliance Standard for it to go into effect. Now she received an application from Davidson, it was never sent to Reliance Standard, and it was never approved. But for unknown reasons, Davidson Hotels deducted premiums, I'm sorry, collected premiums from Ms. Skelton. Interestingly enough and significantly in this case, the district court concluded there was no evidence that those premiums were ever submitted to Reliance Standard. So we have a case where there was no application received, there was no... Even though the district court made that finding, when I looked at your original moving papers in the court below, it seemed to me that what you said is that you were not certain whether you received the premiums from Skelton, right? And so the no proof that you've received that may be a finding that is just a non-finding, right? I mean, because you're representing... Or something changed since you originally moved in the district court and you now can definitively say you never received a payment. Well, I think the burden of proof, this is part of their cause of action. The burden of proof is on Skelton to prove that those were received, right? And they didn't prove that according to the district court. But I think it's also important to see that... Well, counsel, let me interrupt you for a minute. There's a different angle on it. Yes. With your logo at the top of the page, it told her, you will not be charged premiums for amounts subject to evidence of insurability until the approval is granted. And she was charged premiums. She was, Your Honor. By Davidson Hotel. Say it again. I can't quite hear you. I'm sorry, Your Honor. She was. She was charged premiums by Davidson Hotel, not by my client. And we know that because... Yeah, but your logo is on this letter. That's kind of like a common law we used to get in Missouri State Courts. It's kind of like common law fraud case, almost. Well, except Davidson Hotel's logo is also right across the top of it, too. Yeah, you're both in it together and you're a fiduciary, counsel. Well, we are a fiduciary only under the law for what we are delegated fiduciary responsibility. So the way ERISA works is you have a plan administrator. And in this case, that plan administrator is Davidson Hotels. And unless they delegate a responsibility to somebody else, they have exclusive authority over every aspect of the plan. In this case, Reliance Standard was delegated only fiduciary responsibility for claims review functions and to interpret the terms of the plan. Counsel, counsel, and to determine eligibility for benefits, right? Right. Okay, proceed. This is called eligibility for benefits. Will I get them or not? Well, no, the problem here was with billing and with enrollment and with providing notice. And that is... Now, counsel, usually to enroll, I know you make a big deal of that word and I looked it up in the dictionary. And in the best dictionaries, it means about the same thing as eligible. No, to enroll, to be eligible, you have to enroll. But if you don't enroll, how can you be eligible? I think they're quite different. And I think I'll jump right to the case that's directly on point here. Well, before I get to that, let me say this. So we know that Davidson Hotels is a plan administrator. They have every function unless they delegate it, right? So now let's look at Kearns versus Benefit Trust, 992F2214. This court decided that case in 1993. And in that case, it was to the participant or the former participant that coverage ended and that they could have reinstated. And what this court stated on page 217 of the decision is that the insurer was not the fiduciary for notification and premium payment purposes because there was no delegation of those duties by the plan administrator. And that is the same thing we have here. There was no delegation to Reliance Standard for premium billing, for providing notice, or for enrollment. And in fact, how could Reliance Standard be responsible for enrollment? It's not their employees. Well, counsel, the United States Supreme Court in the Atlanta Health case says, I'm half paraphrasing, half quoting, entities responsible to make discretionary decisions regarding eligibility for plan benefits must be, yes, I said it right, for plan benefits, must be treated as fiduciaries. Doesn't that control this case? No, your honor. Fiduciaries for what purpose? This court in Kearns stated fiduciary responsibility is not all or nothing. And that's the problem with the district court's decision. Counselor, did you listen to what the Supreme Court said? I don't mean to be mean, but it said regarding eligibility for plan benefits. And you agree that you're responsible for determining eligibility. And we are a fiduciary, your honor, for determining eligibility for benefits. But that is different than being a fiduciary, according to Kearns, being a fiduciary for purposes of notification and premium payment. Kearns was, the insurance company Benefit Trust was also the same fiduciary, the same status as Reliance Standard. And this court said, no, you're not responsible because that's a different fiduciary function. Notice billing premiums are different than making an eligibility determination. Pardon me for not looking at the actual policy in Kearns, but did the policy in Kearns make the insurance company a fiduciary and to determine eligibility for benefits? That was my understanding. That's my understanding. You think those words are in the policy? I'm looking at the age of the decision. It's 1993, which is four years after the decision in Firestone v. Brooke, which... Well, no, no. My counsel is what we call an honest question. My honest question is, did the policy there have the words to determine a final and binding discretionary authority to interpret the plan and to determine eligibility for benefits? Are those kind of words in the Kearns case or not? Wing check. Don't proceed with your argument. Wing check. I don't know for certain, Your Honor, and I'm not going to represent one way or another. I'm not sure. That's OK. No, no. I don't know either. Go ahead. But I think that that still misses the big point. The big point is that unless you're delegated a decision and making premium payments and providing notice, that was clearly what happened in Kearns. And the court said that you're not... Mr. Bancroft, I think we've already reached the point where you determine eligibility, but why wouldn't it flow naturally from that, that you have the responsibility to notify the person that they've been approved or not, and then to make sure that premiums aren't collected if they're not approved? Aren't those so intertwined, in other words, that you're kind of asking us to parse them out pretty finely? I'm not, Your Honor, because if we never receive an application, how are we supposed to know that we should... It was never decided. No claim was ever submitted, by the way, here. No claim at all. So all that could have been developed. But the fact of the matter is that if there's no claim, how can we make a decision? If there's no application submitted to my client, how can we make a decision? We're blind. But what we did do, and this is important, and Amika says that we did nothing, but we did do things here. We provided on a monthly basis an evidence of insurability report. And in that report, it was to provide Davidson with notice so it could do its duty and tell employees, yes, you've been approved, and now we're deducting premiums. They messed up. Davidson is the only fiduciary to mess up here. So the practice was always that Davidson would inform whether or not someone had been approved, not Reliance? Reliance would notify the employer, and the employer would then start to deduct premiums. And that was what was done on this but not the insured. No, because the insured, once they get, well, the fiduciary for that is the employer. They're the ones under the ERISA statute that has to provide notice. I'm asking about the practice here. Was the practice here for Reliance or Davidson to notify the employer or employee or both? Davidson. I'm sorry if I interrupted Judge Grunder's question, but again, your double logo letter to them, your logo is right there in the letter, a representation. If there is required information missing from that form, Reliance will return it to you for completion. You're the subject of that application. How can we make that determination that any information is missing? So who is the one that has to provide notice that something is missing? It's Davidson. And we gave them that opportunity in every instance by providing them with this monthly statement that said, here are the people that have submitted evidence of insurability, and here is the status. And they knew that only once they were listed as approved, that on that form, that they should then deduct premiums. And Davidson, for whatever reason, failed. Wait a minute about that notice form. As I looked at that notice form, it seemed to me that the recent evidence of insurability status just showed who changed every month. It didn't list, these are all the people that are covered, right? So how is Davidson supposed to actually be able to do that? Or is there some form that I missed in this record that actually has a list of these are the people we insure this month? This was the process selected by the system, and the district court made much of the system. This is the system that was put in place by Davidson Hotel as the plan administrator. The Supreme Court has said they have great leeway in the system they adopt. But that's still not answering my question. The question is, was there ever a form that actually said, here are the people we insure this month? No, because this system was self-administered. Because Davidson didn't want that report, apparently, huh? Because they didn't offer that. There was a choice. There's something called list billing, which is what your Honor is referring to. And in that case, there would be a whole list of the individuals, and it would describe their coverage and the amounts. That was offered. They didn't take it. Now, Counsel, you got into this by making a contract with Davidson, right? Well, I would say it's the other way around. Excuse me, excuse me. That was meant to be a yes or no. You've had a contract with Davidson, right? Yes or no? Yeah, right. And you don't contend that that policy was unconscionable in any regard, right? It was a fairly bargained contract, right? Setting out all these things that I've been quoting to you. That's great. And your Honor, I hate to interrupt this part of it. I can't see the clock right now. For some reason, it's disappeared. So if it's possible to get the clock back, I would appreciate it. If not, I'll let you know when you get into your rebuttal time. All right. Thank you, Your Honor. I appreciate that. So every court that has looked at this exact same issue, every circuit court, the Second Circuit in Sullivan-Mastecchi, the Fourth Circuit in Gordon case, the Shields case in the District of Maine, and numerous other district courts have all said no because those plans had fiduciary language in it. I assure you they did. And they were the claims fiduciaries as well. But what they were not was the fiduciary for purposes of providing notice or for billing. And the billing is the issue. The billing is the issue. So there is a breach here. The administrator here knew that until they were told you can, this has been approved, you cannot bill. But they did do that for several months. So there is a breach here. We did everything we were supposed to do and then some by providing the monthly report. The breach here in the unexplained one is that Davidson Hotel started collecting premiums when they shouldn't have. They were partying the case. They committed a breach. They settled. And that's that. There is no liability on the part of Reliance Standard under the language of ERISA because we are not the fiduciary for billing or providing notice. And the employer plan administrator is. And we know they breached their duty. They admitted it. Right? So I don't see the purpose in saying, well, let's now find the insurance company liable as when the primary entity under ERISA is the plan administrator. And they're in the lawsuit. They clearly breached a duty. And they should be held accountable. My concern here, your honors, is this. If you say, well, we're going to put some blame on the insurance company, what incentive. You're just into your rebuttal time. This quick part. The one problem I have is that one incentive is there for the primary fiduciary to do its duty, which is Davidson Hotel. Briefly, I'd also like to address Silva versus MetLife. Silva was decided on the fact that MetLife admitted it collected premiums. It collected premiums. And by the way, they had fiduciary responsibilities as well. But they collected premiums. And they also had hundreds of employees who they improperly enrolled because they didn't have this monthly statement like Reliance Standard did. So Silva does not stand for the proposition that in all cases, the insurance company is liable. That one, they admitted that they collected premiums. And here, we did not collect any premiums. And I'd like to reserve my remaining time. Thank you. Very well. Thank you, Mr. Bachrach. I'm going to hear from Mr. Gallman. Good morning, Mr. Gallman for Skelton's. I would like to start out with what Reliance's stance is here. And I quote from their reply brief. The duty that the DOL would impose on insurers to ensure eligibility before accepting premiums runs counter to this important goal. End quote. The goal that Reliance is referring to is the goal of defraying expenses, which is the only goal that Reliance has been focused on. The primary goal of providing benefits to participants and beneficiaries is a goal that Reliance has not sought to meet. This court has determined that risk of fiduciaries are the highest known in the law under Braden v. Walmart. And in Silva, this court noted that without equitable remedies, fiduciaries have incentives to wrongfully accept premiums even if no coverage exists. And they essentially have a windfall from employees who pay for nonexistent coverage and then never make both the employer and MetLife the insurer were fiduciaries as both administered the plan. In this case, both Davidson the employer and Reliance the insurer administered the plan. Davidson enrolled, but under the policy terms, Reliance is the sole fiduciary to determine if a party is eligible to enroll in the first place. The employer does not have that power. As far as the evidence of insurability, Davidson the employer said it never sent its employees evidence of insurability and specifically never sent the skeletons evidence of insurability. Reliance denies that it sent the evidence of insurability. They received it, they filled it out, and Corey believes that his wife either mailed it to Reliance or dropped it off at her employer's. There's no way to prove that, hence Beth is dead. Counselor, we're in appellate court. Tell me the specific finding that the district court made. The court found that Reliance's systems of claim administration was flawed because it allowed it to accept premiums without confirming coverage. I was talking about more basic facts. Tell me about more basic facts about what you just said. It sounded to me like you want us to re-argue the facts of the case about what was submitted when, where, and how. I thought the district court said it was disputed whether Skelton submitted the evidence of insurability to Reliance and she never received any notice that the form had or had not been received. I thought that's what the district court found, right? Correct. Okay, proceed. I thought you were wanting us to re-weigh that fact. Go ahead. No. In Silva, well, let's put it this way. Reliance is trying to parse facts as to what it is a fiduciary for. Davidson did enroll employees, but Reliance had the final say on determining eligibility for benefits and that is what this issue is. That is the act that they breached by accepting premiums prior to determining or now Reliance. Excuse me. It is the argument of Reliance that one, the judge never made a finding that the application was or the EOI was ever submitted and two, there is no finding that the premiums were ever actually paid to Reliance, right? Or if I misread what they said. Because they say, I thought the findings were that both those things were unknown and unknowable. That's correct. And the reason they are unknown and unknowable is because Reliance set up its system so that it didn't know that. It had bulk billing without any employees names attached to what premiums were submitted. Right. So your argument is actually one that the system that was set up by Davidson and Reliance was one that could not verify who was insured for what purposes at how much no matter what happened and that because Reliance and Davidson had a co-fiduciary duty on this eligibility and enrollment process that they are both responsible. Is that true? That's correct. Okay. And so it really is all about the system and not about what exactly happened because what exactly happened is unknown. That's true, your honor. Okay. Thank you. In addition to Silva in Lanford, there was a duty on MetLife not only to approve EOIs, but to go the further step and notify employees or notify the employer that the EOI was approved so premiums could be deducted. And the failure to do that was a breach of fiduciary duty. In this case, Ms. Goldman, the fiduciary duty is, I think, under ERISA law and cases, is specific to the particular action. And as I understand the law, it either has to be assigned in the plan documents or evidence of practice. So where is that evidence? What evidence is there in the plan documents or in practice that puts a duty on Reliance to notify someone whether they've been approved or not, and to make sure they're not collecting premiums for somebody who has not been approved? The policy provisions provide supplemental insurance will only take effect if Reliance approves it. The effective date of insurance is the date that Reliance approves coverage. And Reliance also made an admission in its letter to Beth Skelton with a waiver of premium that it was the administrator for the group life insurance policies. But the plan itself gives Reliance the sole power to determine eligibility for benefits, and no coverage is effective until they do so. Now, the case of Frye was another case where benefits, excuse me, premiums were paid for dependent benefits even after the child aged out of coverage. And the court noted that it would be relatively easy to confirm coverage on the front end by having, for instance, a pop-up board or a storyboard during the enrollment process on the internet. In this case, it would be fairly simple for Reliance to, on Reliance's invoices, the forms they say that listed whether an EOI was approved or not approved, to have another column. EOI sent on this date, EOI received on this date. With that information, Reliance would know that an employee applied and would know that it did not receive the EOI by the time specified in the EOI, which is January 21st. Reliance decided not to do that. Now, Reliance claims that Davidson could have chosen a list billing option. There's no evidence of that in the record whatsoever, that Reliance had a choice. Nothing. I believe that Davidson had a choice. Reliance designed the system, imposed it upon Davidson. Now, wait, you said imposed. You said somebody imposed something on somebody? I think these are two pretty big outfits, Davidson and Reliance, and I think they're dealing at arm's length. Don't you think so, counsel? Yes, they are. And in fact, we did in discovery try to discover the contract between Davidson and Reliance as to how they divvied up the various duties in administrating claims, and they claimed they had no contract. So the only contract that governs this is the policy. Yeah, well, the policy is the contract, counsel. Don't you agree? Yes. I mean, I didn't mean to be obscure. The policy names them both, and they both sign it, and you lose their logos all over everything. Go ahead. Correct. The only other thing I guess I would say is that Davidson did not admit it was its job. Davidson specifically categorically denied that it provided EOIs to its employees or that it provided the EOI to Skelton. Davidson claims that it was Reliance that provided the EOI to Skelton. So Reliance had not... Again, counsel, you worry me by the way you phrase it. What did the district court find on those issues? I don't care what Davidson claimed, especially since they've settled. I'm interested. What did the district court find on the points you just made? That it was unknown. Thank you. Neither had records of sending that EOI. Thank you. But under the standard of review, the facts should be viewed in a light most favorable to Skelton, which would lead one to conclude that it was Reliance that did actually send that and had notice. I don't know what time I'm at here. Nine minutes. I've got nine minutes. Okay. I guess on the issue of premiums, Reliance... It was Reliance's system with bulk premiums that it chose not to know which employees were paying for the premiums. I don't have much more. I'm not going to address the life event issue. Tell me why it's Reliance's duty in this situation where they receive bulk payments from Davidson. Davidson hasn't asked for a list back from them. Davidson is the administrator, not Reliance. Why is it Reliance's fiduciary duty to make sure that they are collecting the correct premiums for somebody who may not be insured? What gives them that duty? Other than your theory that there's this flawed system, that could be 100% Davidson's fault. They collected the premiums, and they're the administrators. They collected the premiums, but Reliance accepted the premiums. But they get paid in bulk. How would they know who it's for? That's the whole point. The system does not require them to confirm coverage prior to accepting. But does that make Reliance a fiduciary with respect to receiving premiums? That's the question. And what case says that? Because they point to other cases, Kearns and others, that they say suggest that that does not create a fiduciary duty. Well, in Kearns, actually, the policy did not make the insurer the fiduciary. In this case, the policy does make Reliance the fiduciary for eligibility for enrollment. Counsel, are you sure that's true of the Kearns policy? Yes. Thank you. So, is eligibility different than making sure you don't collect premiums? Well, if an insured employee, if an employee is not eligible to be insured, and premiums are not due. But if the agreement between Reliance and Davidson is that we'll tell you when someone, when their EOI is approved, and thereafter, it's your job to collect premiums and send them to us, we're not keeping track of that. Are they then a fiduciary for that as well? Correct. Their system should be designed so that they know which employees they are covering and they know there is valid insurance. Is there a case that says that? The Frye case is one. In Salyers, although they, Salyers, they held that the insurer waived evidence of insurability under agency principles, but also that they used agency principles so that compartmentalized system to escape liability. Yeah, I'm not sure that agency law should apply to ERISA. The trial court did not hold that it was agency law. However, the trial court did find that it was their system of administration that was flawed, and that it allowed them to collect premiums, to be the beneficiary of the premiums without first confirming coverage. And that is what Reliance is asking you to do here, to say they can collect premiums without first confirming there is coverage. That in itself is a breach of fiduciary duty. Are there any other questions? Judge Erickson, you look like you might have had one. Yeah, I'm just kind of, kind of, kind of cogitating here because I was just kind of at FRI because I think there was a quote in there where they talked about that the failure to administer the plan in the interest of the ultimate beneficiaries, regardless of the division of duties, rested with MetLife because they, in fact, could not know what they were supposed to be doing, right? And, and, and I'm just wondering if that contract in FRI between like American Greetings and MetLife was really similar to this because there seems to be quite a clear division of duties under this policy. Although the letter that says we will not collect premiums does appear to have letter, the logo of both firms on the letterhead. So I'm, I'm not sure I have a question there. It's mostly, I'm just kind of struggling. What's that, what was the underlying policy in, in FRI? Does anybody know what they, what they had going there? I do not know. I don't believe that the opinion referenced that. Okay. Because I didn't remember seeing it either. I just remember seeing the quote that says they couldn't know. And I would say, well, was the division of duties clearly identified in the opinion? And I'd have to study it to know. So no, I have no further questions. I'm just wasting time. Thank you. Ms. Goldman, anything further from you? Nothing further. Very well. Thank you. Mr. Bacharach, I think you have about four minutes of rebuttal time. Thank you, Your Honor. And again, I don't have the clock, so I apologize. If Your Honor could honestly remind me. Ms. Goldman started out by saying when the court asked, what did the court find? I'm going to return to that. The court stated that Reliance breached its own duty to ensure that its system of administration did not allow it to collect premiums. Its system is not its system. This system is Davidson's system. Davidson could have said, no, we don't want this insurance with Reliance standards. They are the ones who set up this system. Well, counsel, do you agree, though, you have to have a system to exercise your final abiding discretionary authority to interpret the plan and determine eligibility for benefits that you have to have your fiduciary to have a system like that, right? A fiduciary that requires the submission of counsel. Now, listen, I thought that was an easy question. It is. Yeah. You agree that you have to have a system that does that duty, right? Yes. If somebody is approved for coverage, if somebody submits an application, if they have the opportunity, but when no applications ever received and the employer breaches its own duty to monitor enrollment of its employees. And by the way, the cover of the EFI application says team member, important team member instruction, and it identifies information about her date of hire. Clearly, the EFI came from the employer, contrary to what Ms. Goldman said. And I also want to return to the fact here that, again, the district court found liability because it allowed Reliance to collect premium. There is no evidence that Reliance standard ever received saying you weren't covered. And it said that we confirmed that no premiums for supplemental life were collected, I'm sorry, deducted from Ms. Skelton's paycheck. She sent individual checks. So what typically in bulk, and by the way, both premiums, that's how they decided to do it. That is not a fiduciary breach on its own. But what they're saying is if what you look at is all the deductions that were made from employees, and we're going to turn that over to the employees, there were no deductions from paychecks here. She paid this on her own through a check. So that's why it is imperative. It was her burden to prove that that check that was received, those funds were then sent to Reliance. And that never happened. And the court made that finding. If there's no payment of premiums, how can there be a breach? Again, she was saying that the system here is the bulk premium payment. That's a breach itself. Borden case, Fourth Circuit, bulk premiums cannot be a fiduciary breach because they're not plan assets. So that argument failed. But also, you have to rely on the plan administrator. You have to rely on the employer to do its duty. And if they don't do its duty, and Reliance has no way of knowing it, how can it be liable? How can it be a fiduciary for enrollment when it would have no way of knowing that an application was ever submitted in this case? What counsel is asking you to do is to create a split in the circuits with every other court that's beside the issue, except the Ninth Circuit, which has this strange agency theory that nobody else will follow, and courts have refused to follow. Hearns is directly on point. Hearns says you have to be responsible. Your Honor, I strongly disagree that by becoming the decision-maker fiduciary for eligibility for benefits, that means you've then assumed a duty to ensure that the employer is providing notice when they have these EFI status reports they're ignoring, and that the employer is properly billing. When we would have no way of knowing, we have a system. The EFI status report was a system. Don't bill until you are told that they are approved, and she was never on that list and never approved. There was a mistake. There was a breach, and that breach... Mr. Bacharach, your time has expired. Why don't you finish your thought? Well, that was my thought. There was a breach. Under RISA, under Hearns, Reliance never had the fiduciary responsibility for billing. It can't be a fiduciary. It never received premiums, and the district court's decision is contrary to the law of RISA and this court's decision and should be reversed. I thank you, Your Honor, for your time. Very well. We also thank counsel for their time and appearance and briefing. It's an interesting case, and we will do our best to show an opinion in due course.